IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS SPRINGMAN, individually and on behalf of those similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-737-GPM ) |
| AIG MARKETING, INC., and ILLINOIS NATIONAL INSURANCE COMPANY, | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand to state court brought by Plaintiff Thomas Springman (Doc. 9). For the following reasons, the motion is **DENIED**.

## INTRODUCTION

Springman filed this action originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, on July 31, 2003. Named as party Defendants in Springman's original complaint were AIG Claim Services, Inc., ("AIG Claim Services") and Illinois National Insurance Company ("Illinois National"). Springman alleged that AIG Claim Services and Illinois National used computer auditing software to execute a scheme of systematic and improper reductions of medical bills for services furnished by health care providers under the medical payments ("Medpay") provisions of property and casualty insurance policies issued or underwritten by Illinois National and affiliated insurance companies. In his original complaint, Springman, an insured under one of the subject policies who alleges that, following medical treatment for injuries sustained in an automobile accident in 2002, payments on his claim on his Medpay coverage were

improperly reduced by his insurer, asserted causes of action for breach of contract, unjust enrichment, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1-505/12, and declaratory relief. Springman also sought to represent a class defined as,

> All insured persons, their third party beneficiaries and assignees (*e.g.*, licensed medical providers), who: (a) submitted first-party medical payment claims pursuant to a property or casualty policy issued by an AIG insurance company; (b) had their claim submitted to AIG Claim Services, Inc.[;] (c) had their claim audited by bill review and/or claims processing software[;] (d) received or were tendered partial payment but in an amount less than the claimed incurred expense/actual loss[;] and (e) received or were tendered an amount less than the stated policy limits.

Doc. 2, Ex. C (Class Action Complaint) ¶ 2.

On September 19, 2007, Springman moved in state court to amend his complaint to substitute for AIG Claim Services as a party Defendant AIG Marketing, Inc. ("AIG Marketing"). On October 19, 2007, the state court granted Springman's motion for leave to file an amended complaint. The same day, AIG Marketing removed the case to this Court, asserting the existence of federal subject matter jurisdiction in this case on the basis of 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Springman in turn has moved for remand of the case to state court on the grounds that, because this case was commenced before the effective date of CAFA, it is not properly removable to federal court under the statute. Although Defendants have not yet filed a response to Springman's motion to remand because the time for filing such a response has not yet expired, after careful review of Springman's asserted grounds for remand the Court concludes that a response by Defendants is unnecessary to resolution of the motion. Accordingly, the Court now rules as follows.

## DISCUSSION

### A. Legal Standard

In general a defendant may remove from state court to federal court any case over which a federal court would have original subject matter jurisdiction. *See Disher v. Citigroup Global Mkts., Inc.*, 419 F.3d 649, 653 (7th Cir. 2005), *vacated on other grounds*, 126 S. Ct. 2964 (2006); *Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-cv-709-JPG, 2007 WL 3231423, at *2 (S.D. Ill. Oct. 30, 2007); *Southern Ill. Beverage, Inc. v. Hansen Beverage Co.*, No. 07-CV-391-DRH, 2007 WL 3046273, at *1 (S.D. Ill. Oct. 15, 2007); *Cox v. Strauch*, Civil No. 07-680-GPM, 2007 WL 2915593, at *2 (S.D. Ill. Oct. 5, 2007). The defendant has the burden of establishing that an action is removable, and doubts concerning removal must be resolved in favor of remand to state court. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); *Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at *2 (S.D. Ill. Oct. 3, 2007); *Fiore v. First Am. Title Ins. Co.*, No. 05- CV-474-DRH, 2005 WL 3434074, at *2 (S.D. Ill. Dec. 13, 2005). *See also Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 695 (S.D. Tex. 2006); *Ongstad v. Piper Jaffray & Co.*, 407 F. Supp. 2d 1085, 1088 (D.N.D. 2006); *Judy v. Pfizer, Inc.*, No. 4:05CV1208RWS, 2005 WL 2240088, at *1 (E.D. Mo. Sept. 14, 2005).

### B. Plaintiff's Motion for Remand

Under CAFA, federal courts have jurisdiction in diversity, with exceptions not at issue here, *see* 28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9), over class actions with one hundred or more class members, *see* 28 U.S.C. § 1332(d)(5)(B), in which any member of the plaintiff class is a citizen of a state different from that of any defendant, or any member of a plaintiff class or any defendant is

a foreign state or a citizen or subject of a foreign state. *See* 28 U.S.C. § 1332(d)(2). In a class action in which CAFA's requirement of minimal diversity is met, a federal court has jurisdiction if, after aggregating class members' claims, more than $5 million, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(d)(2), (d)(6). Class actions filed in state court that satisfy the jurisdictional prerequisites of CAFA are subject to removal to federal court. *See* 28 U.S.C. § 1453(b), (c). In this instance, it is undisputed that this is a class action involving one hundred or more class members in which the requisite minimal diversity of citizenship exists: Springman is an Illinois citizen, while AIG Marketing is a Delaware citizen. *See* Doc. 2 ¶ 2, ¶ 3. Similarly, the record shows that an amount in excess of $5 million, exclusive of interest and costs, is in dispute. *See id.*, Ex. A (Declaration of Grant Little). The principal issue in contention here, as noted, is whether this action was commenced on or after the effective date of CAFA.

"CAFA is not retroactive and therefore only applies to class actions which are 'commenced on or after the date of enactment' of the statute, February 18, 2005." *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). *See also Coy Chiropractic Health Ctr., Inc. v. Travelers Cas. & Sur. Co.*, No. 06-cv-678-DRH, 2007 WL 2122420, at *2 (S.D. Ill. July 20, 2007); *Roche v. Country Mut. Ins. Co.*, Civil No. 07-367-GPM, 2007 WL 2003092, at *2 (S.D. Ill. July 6, 2007). The question of when a lawsuit initially is "commenced" for purposes of removal under CAFA is determined by the law of the state where a class action originally was filed. *See Pfizer, Inc. v. Lott*, 417 F.3d 725, 726 (7th Cir. 2005); *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 772 (S.D. Ill. 2006); *In re General Motors Corp. Dex-Cool*, No. Civ. MDL-03-1562-GPM, Civ. 05-10008-GPM, 2006 WL 2818773, at *2 (S.D. Ill.

Sept. 27, 2006); *Alsup v. 3-Day Blinds*, No. Civ. 05-287-GPM, 2005 WL 2094745, at **2-3 (S.D. Ill. Aug. 25, 2005). Under the law of Illinois, where this action initially was filed, "[e]very action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint." 735 ILCS 5/2-201(a). *See also Del Raine v. Carlson*, 826 F.2d 698, 707 (7th Cir. 1987) (citing *Lawrence v. Williamson Ford, Inc.*, 300 N.E.2d 636, 640 (Ill. App. Ct. 1973)) (under Illinois law, "suit is commenced by filing the complaint[.]"); *Jackson v. Navik*, 308 N.E.2d 143, 145 (Ill. App. Ct. 1974) ("[A]n action is commenced when the complaint is filed . . . and . . . in situations where the statute of limitations has run in the interval between the filing of the complaint and service of summons, the effect of the statute of limitations is avoided when reasonable diligence is exercised in obtaining service of process[.]"); *Kohlhaas v. Morse*, 183 N.E.2d 16, 19 (Ill. App. Ct. 1962) ("[A] suit is commenced when the complaint is filed even though service is not obtained until after the statutory period."). Thus, this action was commenced for CAFA purposes on July 31, 2003, when, as noted, it was filed originally in the Madison County circuit court.

This is not, however, the end of the matter. The United States Court of Appeals for the Seventh Circuit has recognized that joinder of a new defendant after the effective date of CAFA authorizes removal of an action under the statute, even if the action was commenced before the effective date of the statute. *See Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330, 333 (7th Cir. 2005) (quoting *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005)) (noting that "a defendant added after February 18 [2005] could remove because suit *against it* would have been commenced after the effective date" of CAFA) (emphasis in original); *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807-08 (7th Cir. 2005) ("If in the future Liberty Mutual Fire Insurance Company should be added as a defendant, it could enjoy a right to remove under the 2005 Act, for

suit *against it* would have been commenced after February 18, 2005.") (emphasis in original). These holdings are consistent with the statutory language of CAFA. Under the traditional "unanimity rule" governing removal, all defendants properly joined and served when a case is removed must consent to the removal. *See Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1060-61 (S.D. Ill. 2006); *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 & n.1 (E.D. Wis. 1993). However, 28 U.S.C. § 1453, which, as noted, governs removal under CAFA, provides, in pertinent part, "[a] class action may be removed to a district court of the United States in accordance with [28 U.S.C. §] 1446 . . . by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). This statutory provision abolishes the unanimity rule with respect to removal under CAFA. *See Frazier v. Pioneer Ams., LLC*, 455 F.3d 542, 546-47 (5th Cir. 2006) (citing 28 U.S.C. § 1453(b)) ("CAFA . . . eliminated the requirement of unanimity of consent to removal[.]"); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006)) ("Section 1453(b) . . . overrides the judge-created requirement that each defendant consent to removal[.]"). Section 1453 further provides that the prohibition of removal of an action in diversity jurisdiction more than one year after it is commenced set out in 28 U.S.C. § 1446(b), a limitation on removal that normally is strictly enforced, *see Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at **3-5 (S.D. Ill. Sept. 21, 2007), "shall not apply" to removals under CAFA. 28 U.S.C. § 1453(b). *See also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 810 (5th Cir. 2007) (citing 28 U.S.C. § 1453(b)) ("CAFA eliminates the standard requirements of unanimous consent [to removal] among the defendants and the one-year removal deadline.").

Because CAFA abolishes the unanimity rule with respect to removals under the statute, it also of necessity abolishes the so-called "first-served defendant" rule. The first-served defendant rule is a corollary of the unanimity rule that holds that a defendant's failure to effect removal within thirty days of receipt of receipt of an initial pleading in a case as required under 28 U.S.C. § 1446(b) operates as a waiver of the right to remove as to all later-served defendants. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932 (S.D. Ill. 2006); *Shepp v. Columbia Coll. Chicago*, No. 06 C 1069, 2006 WL 1156387, at *2 (N.D. Ill. Apr. 27, 2006); *Graft v. Alcoa*, No. 1:02-CV-01848-JDT-TA, 2003 WL 1984347, at **4-5 (S.D. Ind. Apr. 4, 2003); *Higgins v. Kentucky Fried Chicken*, 953 F. Supp. 266, 268 (W.D. Wis. 1997); *Runge v. Maffei*, No. 96 C 1666, 1996 WL 164383, at *2 (N.D. Ill. Apr. 2, 1996); *Scialo v. Scala Packing Co.*, 821 F. Supp. 1276, 1277 (N.D. Ill. 1993); *Ortiz v. General Motors Acceptance Corp.*, 583 F. Supp. 526, 529 (N.D. Ill. 1984). The rationale underlying the first-served defendant rule is that when a defendant who has been properly joined and served fails to effect timely removal, that defendant can no longer consent to removal by later-served defendants as required by the unanimity rule. "[A] removal petition in a multi-defendant case requires the consent of all properly-served defendants . . . . If the first-served defendant allows the time to expire without removing, it has effectively waived its right to remove the action and can be deemed not to have consented to removal by later defendants." *Cox v. Hi-Cube Express, Ltd.*, No. 1:03-CV-1248-DFH, 2003 WL 23219936, at *2 (S.D. Ind. Dec. 31, 2003) (citing *Phoenix Container, L.P. v. Sokoloff*, 83 F. Supp. 2d 928, 932 (N.D. Ill. 2000)) (holding that a corporation joined as a party defendant by an amended complaint could not remove an action in diversity jurisdiction, where the original defendant in the case, a subsidiary of the removing defendant, failed to effect timely removal). *See also Auchinleck v.*

*Town of LaGrange*, 167 F. Supp. 2d 1066, 1068 (E.D. Wis. 2001) ("Under [the first-served defendant] rule, the time period [for removal] begins to run when the first defendant has been served, and the failure of any party to file within those thirty days precludes removal for all future defendants.  The logic behind this rule is based on the concept that all defendants must consent to removal."); *Joseph v. City of Chicago*, No. 88 C 9441, 1989 WL 95813, at *2 (N.D. Ill. Aug. 11, 1989) (holding that an amendment of a complaint to join additional defendants did not authorize removal, where the initial complaint was removable but the original defendant failed to effect timely removal).  *Accord Brown v. Demco Inc.*, 792 F.2d 478, 482 (5th Cir. 1986); *Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1447 (N.D. Ga. 1994); *Faulk v. Superior Indus. Int'l, Inc.*, 851 F. Supp. 457, 460 (M.D. Fla. 1994); *Noble v. Bradford Marine, Inc.*, 789 F. Supp. 395, 397 (S.D. Fla. 1992); *Murjani v. Allstate Ins. Co.*, 679 F. Supp. 601, 603 n.3 (M.D. La. 1988); *Schmidt v. National Org. for Women*, 562 F. Supp. 210, 212 (N.D. Fla. 1983).  *But cf. McKinney v. Board of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 926-28 (4th Cir. 1992); *Eltman v. Pioneer Communications of Am., Inc.*, 151 F.R.D. 311, 315-18 (N.D. Ill. 1993).

In light of CAFA's abolition of the requirement of unanimity, any defendant joined and served after the effective date of the statute is entitled to remove a class action, regardless of whether earlier defendants sought to effect timely removal.  *See Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *2 & n.1 (S.D. Ill. Nov. 22, 2006) (because CAFA abolishes the unanimity rule with respect to removal under the statute, "a party defendant joined after the effective date of the statute in a class action that satisfies the jurisdictional prerequisites of CAFA may remove the case to federal court," with or without the consent of co-defendants that were earlier joined and served); *Schillinger*, 2006 WL 1388876, at *7

("Where the requirement of unanimity is eliminated, so too is the first-served defendant rule . . . . Thus, because the CAFA eliminates the requirement of unanimity, presumably it eliminates the first-served defendant rule as well"; accordingly, a defendant joined after the effective date of CAFA "was entitled to, and did, remove this case within thirty days from the date" the removing party was joined as a defendant). *See also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1196 (11th Cir. 2007) (quoting 28 U.S.C. § 1453(b)) ("[A] class action removable under CAFA 'may be removed by any defendant without the consent of all defendants' . . . . [T]hese provisions establish that one defendant may remove the entire action, including claims against all defendants, using the procedures established by § 1453 and the incorporated provisions of [28 U.S.C.] § 1446."); *Robinson v. Holiday Universal, Inc.*, No. 05-5726, 2006 WL 470592, at *3 (E.D. Pa. Feb. 23, 2006) (a defendant joined after the effective date of CAFA was entitled to remove under the statute where, at the time of the filing of the notice of removal, "all of the jurisdictional requirements of CAFA were then met[.]"); *Dinkel v. General Motors Corp.*, 400 F. Supp. 2d 289, 294 (D. Me. 2005) ("The plain language of CAFA makes clear that any single defendant can remove without the consent of other defendants and that it is the entire lawsuit that is removed[.]"). *Cf. Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at *4 (S.D. Ill. Oct. 3, 2007) (because 28 U.S.C. § 1442, authorizing removal to federal court of cases against federal officers or persons acting under such officers, does not require unanimity as a prerequisite to removal, any defendant entitled to invoke federal jurisdiction under Section 1442 may do so within thirty days of receipt of a complaint, without the consent of any co-defendant); *Futch v. AIG, Inc.*, Civil No. 07-402-GPM, 2007 WL 1752200, at *1 n.1 (S.D. Ill. June 15, 2007) (same); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 842-43 (S.D. Ill. 2006) (same) (collecting cases).

Springman argues that the removal in this case is improper because the amendment of his complaint to join AIG Marketing relates back to the filing date of his original complaint before the effective date of CAFA. The Court finds this argument unpersuasive in view of the plain statutory language of 28 U.S.C. § 1453 conferring on any defendant joined after the effective date of CAFA a right to remove a class action within thirty days of receipt of a pleading showing that the case is removable under the statute. It is true, of course, that the Seventh Circuit Court of Appeals has held that, in some instances, an amendment of a complaint after the effective date of CAFA may "commence" or, perhaps more properly, recommence a class action so as to make it removable under the statute. In *Knudsen* the court said that "a new claim for relief (a new 'cause of action' in state practice), the addition of a new defendant, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes." 411 F.3d at 807. The court said also that "when a claim relates back to the original complaint (and hence is treated as part of the original suit)," the amendment will not be deemed to permit removal under CAFA, whereas "when [the claim] is sufficiently independent of the original contentions that it must be treated as fresh litigation," it may be regarded as a commencement of the action after the effective date of CAFA so as to permit removal under the statute. *Id.* More recently, the Seventh Circuit Court of Appeals held that for purposes of removal under CAFA "an amended complaint kicks off a new action only if, under the procedural law of the state in which the suit was filed, it does not 'relate back' to the original complaint." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006). *See also Phillips v. Ford Motor Co.*, 435 F.3d 785, 787-88 (7th Cir. 2006) (in a class action filed in Illinois state court before the effective date of CAFA and removed to federal

court on the grounds that an amendment of the complaint after the effective date of the statute commenced a new action so as to permit removal, holding that the amendment related back to the filing date of the original complaint under Illinois law and therefore did not authorize removal under CAFA).

In the Court's view, Springman is attempting to interpose the federal common law of CAFA crafted by the Seventh Circuit Court of Appeals against the plain language of the statute, a contest in which the plain statutory language inevitably must prevail.  It is axiomatic, of course, that "[f]ederal courts, unlike state courts, are not general common-law courts and do not possess a general power to develop and apply their own rules of decision." *City of Milwaukee v. Illinois*, 451 U.S. 304, 312 (1981) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).  Generally speaking, the object of federal common law is to "fill[ ] a gap left by Congress' silence" with respect to a matter otherwise governed by a federal statute. *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 625 (1978). *See also D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 469 (1942) (Jackson, J., concurring) ("[W]herever we have occasion to decide a federal question which cannot be answered from federal statutes alone we may . . . resort to all of the source materials of the common law [and] when we have fashioned an answer it . . . become[s] a part of the federal non-statutory or common law.").  As Justice Holmes famously observed, federal judges "do and must legislate, but they can do so only interstitially; they are confined from molar to molecular motions." *Southern Pac. Co. v. Jensen*, 244 U.S. 205, 221 (1917) (Holmes, J., dissenting). *See also United States v. Little Lake Misere Land Co.*, 412 U.S. 580, 593 (1973) ("[T]he inevitable incompleteness presented by all legislation means that interstitial federal lawmaking is a basic responsibility of the federal courts.").  Correspondingly, federal common law

is "subject to the paramount authority of Congress." *New Jersey v. New York*, 283 U.S. 336, 348 (1931). Thus, it is resorted to only "[i]n absence of an applicable Act of Congress," *Clearfield Trust Co. v. United States*, 318 U.S. 363, 367 (1943), and federal common law may not be employed for the purpose of "rewriting rules that Congress has affirmatively and specifically enacted." *Mobil Oil Corp.*, 436 U.S. at 625. Simply put, "[s]tatutes and rules supersede the common law powers of the federal courts." *Ivey v. Harney*, 47 F.3d 181, 184 (7th Cir. 1995). What all of this means for purposes of this case is that, while the federal courts of this Circuit are entitled to create a body of federal common law regarding "commencement" of an action under CAFA, given that the term "commencement" is not defined in the statute, the Court may not use this body of common law to rewrite the clear language of the statute. Because 28 U.S.C. § 1453(b) confers on defendants joined after the effective date of CAFA an express right to remove under the statute, AIG Marketing cannot be stripped of this right by a determination that the amendment of Springman's complaint to join AIG Marketing as a party Defendant relates back to the pre-CAFA filing date of Springman's original complaint. Therefore, the Court declines to remand this case to state court.

## CONCLUSION

For all of the foregoing reasons, Springman's motion for remand of this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 11/14/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge

Page 12 of 12